UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

PATRICK JOSEPH,

        Petitioner,                      Case No. 1:21-cv-8

v.                                              Honorable Paul L. Maloney

UNKNOWN DUNBAR,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner filed his petition on or about August 22, 2020, in the United States District Court for the Eastern District of Michigan. A month later, he filed an identical petition in this Court. *Joseph v. Dunbar*, No. 1:20-cv-931 (W.D. Mich.) (*Dunbar I*). Petitioner did not disclose the existence of his Eastern District of Michigan petition when he filed *Dunbar I*.

By opinion and judgment entered November 30, 2020, the undersigned dismissed *Dunbar I* on preliminary review because Petitioner had failed to demonstrate entitlement to relief under § 2241 for two reasons: first, because his claims did not fall within the savings clause of 28 U.S.C. § 2255(e); and second, because his claims lacked merit. *Dunbar I* (Op. and J, ECF Nos. 3, 4.) Petitioner has filed a motion for reconsideration of the opinion and judgment. *Dunbar I* (Mot., ECF No. 5.)

On January 5, 2021, the United States District Court for the Eastern District of Michigan transferred the first-filed petition to this Court. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person

detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because the petition duplicates *Dunbar I* and is, therefore, frivolous.

The present petition is entirely duplicative of the petition already pending in this court; it is word-for-word identical. Parties have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). Duplicative habeas corpus petitions are properly dismissed as well. *Davis v. U.S. Parole Com'n*, No. 88-5905, 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989). The Court will enter judgment dismissing the petition as duplicative and, therefore, frivolous.

Dated:  January 12, 2021  /s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　United States District Judge